PETERS, J.
dissents.
hi respectfully disagree with the majority’s determination that La.R.S. 26:81 affords Couvillon Payless, Inc. (Couvillon) a cause of action against the City of Marks-ville (Marksville) for damages it sustained when MAW Enterprises, L.L.C. (MAW) did not perform according to their lease agreement after Marksville denied MAW a liquor license for the convenience store premises. The majority reaches this conclusion based on the word “premises” rather than “person” in La.R.S. 26:81. Because Couvillon owns the premises leased to MAW, the majority reasons, it has a cause of action for damages against Marksville despite the total lack of a contractual relationship. I find that the emphasis on the statute, without taking into consideration the other provisions concerning the grant of a liquor license, is error. I would reverse the trial court judgment finding that Couvillon does not have a cause of action against Marksville.
The Louisiana Alcohol Beverage Control Law, La.R.S. 26:1 et seq., clearly provides that the person wishing to sell alcoholic beverages on a particular premises is the party at interest in the granting or denying of a permit. Louisiana Revised Statutes 26:71 provides in pertinent part that “before engaging in the ^business of manufacturing, supplying, or dealing in alcoholic beverages, all persons shall obtain *581 from the commissioner ... a permit to conduct each separate business ...” (Emphasis added.) A list of the fees to be collected for the issuance of a particular license follows this language in the statutes and this list makes it clear that the applicant must pay a separate fee for the operation of each separate business location. Id.
With regard to the issuance of local permits, La.R.S. 26:74 does not refer to the premises associated with the sale of alcoholic beverages, but instead provides that “[pjarishes and municipalities may require annual permits and fees from dealers holding state permits under this Chapter.” (Emphasis added.) Louisiana Revised Statutes 26:2(5) defines a “dealer” in part as “any person who, as a business ... sells [or] offers for sale ... any alcoholic beverage in the state or engages herein in any business transaction relating to any such beverage.” In keeping with the personal nature of the required permits, La.R.S. 26:75(A) provides in pertinent part that “[n]o person shall do any act for which a permit is required by this Chapter or by local authorities acting hereunder unless he holds the proper state and local permit.” (Emphasis added.)
Louisiana Revised Statutes 26:76 also carries forward the personal nature of the permit to sell alcoholic beverages. It provides that the permit is not assignable or heritable, and that it must be surrendered if the “ownership of the business is transferred or the business is terminated.” La. R.S. 26:76(A)(2). Of importance to the resolution of the issue in this case is La. R.S. 26:76(A)(4) which provides:
When the location of a place of business is proposed to be changed, the proposal shall be received and must be approved by the issuing authority before such action is taken. The change of location shall be noted on the permit by the issuing authority and the permit shall be invalid unless the notation is made.
| o,Furthermore, the statutory scheme provides that the applicant for a liquor license permit must be the party proposing to engage in the business or operation itself. La.R.S. 26:77-80.
I acknowledge that La.R.S. 26:81(B)(S), (C)(1), (C)(2), and (E) all refer to the “premises” as having been licensed. However, the title of this statute explains the change in nomenclature for use in this particular instance. The statute’s title, “Location of business limited,” does not refer to the licensing process, but addresses the location of the business itself. That is to say, it merely sets forth the limitations on where the liquor license may be exercised. I find nothing in the language of La.R.S. 26:81 that suggests this single statute changes the particulars of the remainder of the Chapter.
I would reverse the trial court’s judgment by granting Marksville’s peremptory exception of no cause of action and dismiss the claims of Couvillon Payless Inc. at its costs.